UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT RODRIGUEZ, et al.,<br><br>               Plaintiffs,<br><br>v.<br><br>FCA US, LLC, et al.,<br><br>               Defendants. | Case No.:  3:25-cv-01445-GPC-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**[ECF No. 18]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 18. The parties seek a 90-day continuance of fact and expert discovery deadlines, as well as all other remaining case management deadlines. *Id*. at 3–4.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 15 at 7 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11-cv-492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. ECF No. 15 at 7; *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Fact discovery closed in this matter on March 6, 2026. ECF No. 15 at 1. The parties represent to the Court that they have exchanged written discovery, but have not yet completed all of their depositions. ECF No. 18 at 2–3. The parties intend to depose both Plaintiffs and Defendant's Rule 30(b)(6) witness. *Id*. The parties also represent that they have not completed the vehicle inspection in this matter. *Id*. at 3. As such, the parties seek a 90-day extension of the fact discovery cutoff, expert deadlines, and all other deadlines set forth in the scheduling order. *Id*. at 3–4.

Though the Court appreciates that the parties have been working together, the Court expresses its concern regarding the parties' delay in filing the instant motion. By filing the motion on the March 6, 2026, fact discovery deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion **no less than seven calendar days before** the affected date") (emphasis added). The parties do not address, or acknowledge, their substantial delay.

/ /

3:25-cv-01445-GPC-AHG

The parties also do not provide adequate explanation to support their requested 90-day continuance, i.e., why they need three more months to complete three depositions and a vehicle inspection. Though the parties adequately explain the reason for the scheduling delays regarding Defendant's Rule 30(b)(6) witness, the parties do not proffer *any* reason for the delay in taking the Plaintiffs' depositions. And other than generally referring to "numerous scheduling conflicts," the parties likewise do not provide adequate reasoning for the delay in conducting the vehicle inspection. Additionally, the parties do not specify whether the remaining depositions at issue were noticed and then needed to be continued, or if they have not yet been noticed, which would have informed the Court's diligence analysis. As such, the Court cannot conclude that such a large, 90-day extension is necessary in this instance.

Further, the parties do not explain in sufficient detail what they have done in the ***five months*** that have passed since fact discovery opened, other than that they generally "have propounded and responded to written discovery,"—which could be one set of a few interrogatories from one side, taking minimal time and effort, or multiple sets of interrogatories, requests for production, and requests for admission from both sides, taking substantial time and effort—and do not explain whether any other depositions have been taken. *See* ECF No. 12 at 1 (the parties' Rule 26(f) conference, which opens fact discovery, held by October 3, 2025). The Court also notes that the parties failed to provide an adequate declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that **describes the steps taken to comply with the existing deadlines**, and the **specific reasons** why the deadlines cannot be met") (emphasis added). The declaration provided by counsel is identical to the motion submitted, and does not provide any of the information needed for the Court to determine whether the parties were actively attempting to comply with the Court's deadlines. *Compare* ECF No. 18-1 *with* ECF No. 18. Aside from being required, the declaration would have been helpful to the Court in resolving the many omissions noted above.

Though the Court finds that the delay in filing the instant motion and the factual omissions noted above belie a finding of diligence, in the interest of cases being decided on their merits, the Court will **GRANT IN PART** and **DENY IN PART** the joint motion. ECF No. 18. The Court orders as follows:

1. **March 6, 2026** *remains* the deadline for completion of fact discovery, except for the following:

   a. The depositions of Plaintiffs and Defendant's Rule 30(b)(6) witness must be taken on or before **April 20, 2026**.

   b. The vehicle inspection must take place no later than **May 18, 2026**.

2. The parties shall designate their respective experts in writing by **June 8, 2026**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **June 29, 2026**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **June 8, 2026**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **June 29, 2026**.

/ /

3:25-cv-01445-GPC-AHG

5. All expert discovery shall be completed by all parties by **July 20, 2026**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 15 at ¶ 2. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **August 11, 2026**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

7. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 15) **remain in place**.

**IT IS SO ORDERED.**

Dated: March 7, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:25-cv-01445-GPC-AHG