UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT RODRIGUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC, et al.,<br><br>Defendants. | Case No.: 3:25-cv-01445-GPC-AHG<br><br>**ORDER DENYING JOINT MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**[ECF No. 27]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 27. The parties seek approximate 70-day to 100-day continuances of fact and expert discovery deadlines, which impact the remaining case management deadlines. *Id*. at 4.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 15 at 7 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Ellis v. Arias*, 3:24-cv-00713-TWR-AHG, 2025 WL 3553673, at *1 (S.D. Cal. Dec. 11, 2025). "Good

3:25-cv-01445-GPC-AHG

cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. ECF No. 15 at 7; *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

The parties represent to the Court that in the past three months since their first request for extension on March 6, 2026, (*see* ECF No. 18), they have not completed any further discovery, despite the Court setting firm deadlines for doing so. *Compare* ECF No. 27 *with* ECF No. 19 (setting April 20, 2026, deadline for certain depositions; setting May 18, 2026, deadline for vehicle inspection; and extending certain expert deadlines). For example, Plaintiffs did not appear for their noticed depositions on April 30, 2026.[1] ECF No. 27 at 3. Additionally, Plaintiffs' counsel never confirmed the April 30, 2026, date for the deposition of Defendants' Rule 30(b)(6) witness, so it was rescheduled to May 20, 2026, but was not ultimately taken. *Id*. Further, the vehicle inspection scheduled for May 26, 2026,[2] was never completed due to objections served by Plaintiffs' counsel days before the agreed-to date. *Id*. The parties refer to conclusory "staffing changes" as reasons for some, but not all, of these delays and failings. *Id*. As such, the parties seek an approximate 100-day extension of the deposition deadline (from April 20, 2026, to July 27, 2026), an approximate 70-day

---

[1] The parties do not address why the April 30, 2026, deposition date is 10 days after the Court-ordered deadline of April 20, 2026.

[2] The parties do not address why the May 26, 2026, vehicle inspection date is 8 days after the Court-ordered deadline of May 18, 2026.

extension of the vehicle inspection deadline (from May 18, 2026, to July 27, 2026) and expert deadlines (from June 8, 2026, to August 17, 2026), and commensurate extensions of all other deadlines set forth in the scheduling order. *Id*. at 4.

The joint motion is deficient for numerous reasons. First, by filing the motion on June 24, 2026—*over two months after* the April 20, 2026, deadline for the depositions of Plaintiffs and Defendants' Rule 30(b)(6) witness; *over one month after* the May 18, 2026, deadline for the vehicle inspection; and *over two weeks after* the June 8, 2026, deadline for initial expert designations and disclosures—the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion **no less than seven calendar days before** the affected date") (emphasis added). The parties do not address, or acknowledge, their substantial delay.

Second, the motion lacks the requisite specificity. Though the Court appreciates that Defendants' counsel included a declaration to comply with the undersigned's Chambers Rules,[3] it should have been Plaintiffs' counsel who filed the declaration, as Plaintiffs' counsel would be in a better position to fully explain the staffing changes and numerous other shortcomings. Simply repeating "staffing changes" four times in the motion and declaration does not provide any context or show good cause. *See* Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the **steps taken to comply** with the existing deadlines, and the **specific reasons** why the deadlines cannot be met") (emphasis added). The Court also notes that, for a second time, *no reason* was given why Plaintiffs failed to appear for their depositions. ECF No. 27 at 3; ECF No. 19 at 3 (order on first extension request, expressing concern that "the parties do not proffer *any* reason for the delay in taking the Plaintiffs' depositions") (emphasis in original). Without explanation, and therefore without a showing

---

[3] The Court, however, expresses concern that the declaration is identical to the instant motion *for a second time*. ECF No. 19 at 3 ("The Court also notes that the parties failed to provide an adequate declaration from counsel, as required by the Court's Chambers Rules… The declaration provided by counsel is identical to the motion submitted…").

3:25-cv-01445-GPC-AHG

that counsel acted diligently to meet the original deadlines, the Court cannot find good cause.

Third, the Court's Order regarding the parties' first motion for extension expressed concerns regarding the parties' conduct, in completing discovery and filing the motion. *See* ECF No. 19. However, despite the Court's detailed Order, the parties made no attempt to bolster the instant, second, motion. *See, e.g.*, *id*. at 2 (in first motion, parties did not "address, or acknowledge, their substantial delay" in filing the motion); *id*. at 3 (in first motion, declaration identical to motion submitted, without specifics included); *id*. at 3 (in first motion, inadequate explanation of counsel's actions over past months, noting that motion "does not provide any of the information needed for the Court to determine whether the parties were actively attempting to comply with the Court's deadlines"); *id*. (in first motion, no reason given for five-month delay in taking Plaintiffs' depositions). The parties' repeated shortcomings belie a finding of diligence.

For the reasons set forth above, the Court does not find good cause here. As such, the Joint Motion is **DENIED**. ECF No. 27. The denial, however, is **without prejudice**, as the Court will provide another opportunity for the parties to demonstrate diligence by filing a Noticed Motion to Amend the Scheduling Order. Such a motion must be filed no later than **July 2, 2026**. **Before filing**, counsel must obtain a hearing date from chambers to affix to the motion. CivLR 7.1(b), (e)(1). To obtain the hearing date, counsel must **email** efile_goddard@casd.uscourts.gov no later than **11:30 a.m.** on the date they seek to file the motion. Court staff will respond to counsel's email within three hours with the hearing date and time. Counsel are advised that **telephone calls to chambers seeking a hearing date will not be accepted**.

**IT IS SO ORDERED.**

Dated:  June 26, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:25-cv-01445-GPC-AHG