UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VINCENT RODRIGUEZ AND CHRISTINA RODRIGUEZ,

Plaintiffs,

v.

FCA US LLC; FUTURE CHRYSLER DODGE JEEP RAM OF CONCORD; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 25-cv-1445-GPC-AHG

**ORDER DENYING PLAINTIFFS' REQUEST FOR ENTRY OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 68(a)**

**[Dkt. No. 31.]**

Before the Court is Plaintiffs Vincent Rodriguez and Christina Rodriguez's ("Plaintiffs") Notice of Acceptance of Defendant's Rule 68 Offer of Judgment and Request for Entry of Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 68. (Dkt. No. 31.) Defendants FCA US LLC ("FCA") and Future Automotive Concord, Inc. d/b/a Future Chrysler Dodge Jeep Ram of Concord ("Defendants") filed objections to Plaintiffs' request for entry of judgment and proposed judgment. (Dkt. Nos. 32, 33.) The Court set a hearing date and directed Plaintiffs to file a reply by August 7, 2026 but no reply was filed. (Dkt. No. 34.) For the reasons set forth below, the Court DENIES Plaintiffs' Request for Entry of Judgment pursuant to Rule 68.

/ / /

## Background

Plaintiffs commenced this action in the Superior Court of California, County of San Diego against Defendants asserting federal and state law claims arising from alleged defects in the 2022 Jeep Gladiator they purchased. (Dkt. No. 1, Not. Removal ¶¶ 1-2, 14.) Defendants removed the action to this Court on June 5, 2025. (Dkt. No. 1.)

On August 19, 2025, Defendant FCA served Plaintiffs with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. (Dkt. No. 31-1, Chae Decl. ¶ 3; *id.*, Ex. A.) However, ten days later, on August 29, 2025, a representative of defense counsel's firm sent an email purporting to withdraw the August 19, 2025 Rule 68 Offer. (Dkt. No. 31-1, Chae Decl. ¶ 5 & n.1; *id.*, Ex. C.) On September 2, 2025, within Rule 68's fourteen-day acceptance period, Plaintiffs served a written acceptance of the August 19, 2025 offer. (Dkt. No. 31-1, Chae Decl. ¶ 4; *id.*, Exs. A-B.) Defense counsel responded that the offer had been withdrawn and that Plaintiffs' acceptance was ineffective. (Dkt. No. 31-1, Chae Decl. ¶ 5; *id.*, Ex. D.)

After the purported acceptance, the parties continued to litigate the action. On September 15, 2025, the parties participated in an Early Neutral Evaluation ("ENE") before Magistrate Judge Allison H. Goddard. (Dkt. No. 11.) After the ENE conference, a minute order was filed stating that the "case did not settle" and the court set a Case Management Conference. (Dkt. Nos. 11, 12.) The parties subsequently filed a Joint Discovery Plan, appeared at the Case Management Conference, and proceeded under a Scheduling Order. (Dkt. Nos. 13-15.) In March and June 2026, the parties filed two joint motions seeking to modify the Scheduling Order. (Dkt. Nos. 18, 27.) The Magistrate Judge granted in part and denied in part the first motion, and denied the second motion. (Dkt. Nos. 19, 28.) On July 2, 2026, Defendants filed a motion to amend the scheduling order which is currently pending. (Dkt. No. 29.) On June 23, 2026, Defendants also filed a motion for judgment on the pleadings. (Dkt. Nos. 25.)

Then on July 9, 2026, Plaintiffs filed the instant Notice of Acceptance of Defendant FCA's Rule 68 Offer of Judgment and Request for Entry of Judgment. (Dkt. No. 31,

Notice.) Defendants filed Objections to Plaintiffs' Notice and proposed judgment. (Dkt. Nos. 32, 33.) Defendants contend that the parties' continued litigation demonstrates that no settlement existed and that Plaintiffs are judicially and equitably estopped from seeking entry of judgment. (Dkt. No. 32 at 4-7.[1]) Plaintiffs did not reply to address Defendants' arguments.

**Legal Standard**

Federal Rule of Civil Procedure 68 establishes a procedure by which "a party defending against a claim" may "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer is accepted within fourteen days, either party may file "the offer and notice of acceptance, plus proof of service," and "[t]he clerk must then enter judgment." *Id.* The Ninth Circuit has recognized that a Rule 68 offer "is more consequential than a run-of-the-mill settlement offer." *Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1187 (9th Cir. 2022). Indeed, a Rule 68 offer, "once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected." *Id.* at 1188 (quoting *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997)). In other words, the Rules prescribe that once an offer is made, it "must remain open for fourteen days" and "[n]o other outcome (such as negotiation or revocation) is contemplated." *Id.*; *see also LaPierre v. City of Lawrence*, 819 F.3d 558, 562 n. 5 (1st Cir. 2016) (noting "the established rule that Rule 68 offers of judgment, once made, are irrevocable for 14 days") (citing *Garayalde-Rijos v. Municipality of Carolina*, 799 F.3d 45, 47 (1st Cir. 2015) ("Rule 68 guarantees the offeree fourteen days to contemplate the offer, as though the offeree had paid for a fourteen-day option")); *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013) ("Rule 68 offers may not be revoked during the 14-day period established by the Rule"); *Richardson v. Nat'l R.*

[1] Page numbers reflect CM/ECF pagination.

*R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995) ("a Rule 68 offer is simply not revocable during the [14-day] period.")

**Discussion**

Plaintiffs request entry of judgment pursuant to Rule 68 based on their acceptance of Defendant FCA's Rule 68 Offer of Judgment. (Dkt. No. 31 at 2-5.) Defendants do not dispute Plaintiffs' timely acceptance of the Rule 68 Offer of Judgment and that Defendants' purported withdrawal was ineffective. Rather, they oppose Plaintiffs' request on two grounds. First, Defendants essentially argue that Plaintiffs waived their right to enforce the Rule 68 agreement by continuing to engage in litigation conduct and include the Magistrate Judge's conclusion that the case had not settled after the ENE conference. (Dkt. No. 32 at 2-3.) Second, Defendants contend that judicial and equitable estoppel apply and bar Plaintiffs from seeking to enforce the Rule 68 settlement. (*Id*. at 5-7.)

**A. Plaintiffs Waived Their Right to Enforce the Accepted Rule 68 Offer**

Defendants argue that even if Plaintiffs' timely accepted the Rule 68 Offer, Plaintiffs' conduct during the approximately ten months following their acceptance demonstrates that they relinquished any right to enforce the agreement. (Dkt. No. 32 at 2-3.) Defendants emphasize that after accepting the Rule 68 Offer on September 2, 2025, Plaintiffs continued litigating the action, including by participating in the Early Neutral Evaluation Conference and Case Management Conference, filing a Joint Discovery Plan, engaging in discovery, and twice stipulating to modify deadlines under the Scheduling Order. (*Id.*) Plaintiffs did not file the Offer and Notice of Acceptance with the Court until approximately ten months later, on July 9, 2026.

Once accepted, a Rule 68 offer of judgment "becomes a settlement agreement." *Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017) (quoting *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995)). Thus, Rule 68 offers are "analyzed in the same manner as any contract." *Id.* at 851 (quoting *Erdman v. Cochise Cnty.*, 926 F.2d 877, 880 (9th Cir. 1991)). Federal courts look to applicable state law in interpreting a contract. *See Revitch v. DirectTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020).

A contractual right may be lost by waiver when the party "seeking to enforce a known contractual right has intentionally relinquished or abandoned that right." *Quach v. Cal. Commerce Club, Inc.*, 16 Cal. 5th 562, 569 (2024) (citation omitted); *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022) ("Waiver, we have said, 'is the intentional relinquishment or abandonment of a known right.'"). To constitute a waiver, "there must be an existing right, knowledge of the right, and an actual intention to relinquish the right." *Bickel v. City of Piedmont*, 16 Cal. 4th 1040, 1053, (1997) *superseded by statute on another ground as noted in Riverwatch v. Cnty. of San Diego*, 76 Cal. App. 4th 1428, 1439 (1999)). "The intention may be express, based on the waiving party's words, or implied, based on conduct that is so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Lynch v. Cal. Coastal Com.*, 3 Cal. 5th 470, 475 (2017) (quotations marks omitted); *Davies v. Grossmont Union High Sch. Dist.*, 930 F.2d 1390, 1395-96 (9th Cir. 1991) (a party asserting waiver must establish either that the party possessing the right, "with full knowledge of the facts and an intent to waive the right, made a *clear expression* of its intent," or that the party's conduct "warrants the inference that it has relinquished that right.").

District courts, in other districts, addressing settlement agreements have similarly recognized that a party's decision to continue litigating rather than seek enforcement may support a finding of waiver. *See Langreich v. Gruenbaum*, 775 F. Supp. 2d 630, 638-39 (S.D.N.Y. 2011) (the defendants waived any claim for enforcement as they were "free . . . to seek to enforce" the earlier settlement but "chose not to do so, and opted instead to litigate the case."); *Ballard ex rel. Ballard v. Phila. Sch. Dist.*, No. 05-772, 2013 WL 12435699, at *1 n.2 (E.D. Pa. Feb. 20, 2013) (finding that the plaintiff, "waived any recourse she may have had to enforcement of the Settlement Agreement" based on her subsequent conduct and "untimeliness in bringing this enforcement action").

Rule 68's post-acceptance procedure further informs the analysis. Following acceptance, "either party may then file the offer and notice of acceptance, plus proof of service," after which "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a).

Although Rule 68 does not specify a deadline for filing, its prescribed procedure contemplates filing the offer and notice of acceptance to obtain entry of judgment.

Here, Plaintiffs' conduct, considered as a whole, warrants the inference that they relinquished their right to enforce the accepted Rule 68 Offer. Plaintiffs had knowledge of the right at issue, as demonstrated by their execution and service of the written acceptance on September 2, 2025. (Dkt. No. 31-1, Chae Decl. ¶ 4; *id.*, Exs. A-B.) Plaintiffs' subsequent conduct, however, was inconsistent with preservation of that right. Less than two weeks later, Plaintiffs appeared at the September 15, 2025 Early Neutral Evaluation and thereafter continued litigating the action as an unresolved controversy. (Dkt. No. 11.) Plaintiffs then filed a Joint Discovery Plan and appeared at the Case Management Conference. (Dkt. Nos. 13-14.) They thereafter joined Defendants in seeking modifications of the Scheduling Order deadlines on two separate occasions. (Dkt. Nos. 18, 27.) Throughout this period, Plaintiffs did not file the accepted Rule 68 Offer or seek entry of judgment; the Notice of Acceptance and Request for Entry of Judgment was not filed until ten months later on July 9, 2026. (Dkt. No. 31.) Thus, for approximately ten months after serving their acceptance, Plaintiffs continued litigating the case including attending conferences with the Magistrate Judge before filing their Rule 68 Offer and Notice of Acceptance. That sustained course of conduct, taken together, is inconsistent with preservation of the right Plaintiffs now seek to enforce.

As in *Langreich*, Plaintiffs had the ability to stand on the agreement but instead proceeded with the litigation. *See Langreich*, 775 F. Supp. 2d at 638-39. Considering the totality of Plaintiffs' actions, including their approximately ten-month failure to seek entry of judgment and their affirmative and repeated participation in the continued litigation of the action, the Court concludes that Plaintiffs relinquished their known right to enforce the September 2, 2025 acceptance. Because the Court concludes that Plaintiffs have waived their right to seek to enforce the Rule 69 Offer of Judgment, the Court need not address whether judicial and equitable estoppel also bars Plaintiffs request. As such, the Court DENIES Plaintiffs' Request for Entry of Rule 68 Offer of Judgment.

## Conclusion

Based on the reasoning above, the Court therefore **DENIES** Plaintiffs' Request For Rule 68 Offer of Judgment and **VACATES** the hearing set for August 28, 2026.

IT IS SO ORDERED.

Dated: August 25, 2026

Hon. Gonzalo P. Curiel
United States District Judge