UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VINCENT RODRIGUEZ, et al.,

Plaintiffs,

v.

FCA US, LLC, et al.,

Defendants.

Case No.: 3:25-cv-01445-GPC-AHG

**ORDER:**

**(1) GRANTING DEFENDANT'S MOTION TO EXTEND CERTAIN DISCOVERY DEADLINES, and**

**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**

**[ECF No. 29]**

Before the Court is Defendant FCA US, LLC's ("Defendant" or "FCA")[1] motion to modify the scheduling order. ECF No. 29. For the reasons set forth below, the Court **GRANTS** the motion.

---

[1] Though there are two defendants in this action, the instant motion was solely filed by FCA US, LLC.

## I. BACKGROUND

Plaintiffs Vincent Rodriguez and Christina Rodriguez (collectively, "Plaintiffs") filed this action in San Diego Superior Court, and Defendants FCA US, LLC and Future Chrysler Dodge Jeep Ram of Concord ("collectively, "Defendants") removed the case to federal court on June 5, 2025. ECF No. 1. After the matter did not settle during the September 15, 2026, Early Neutral Evaluation Conference, the Court held a Case Management Conference on October 21, 2025. ECF Nos. 11, 14. The Court issued a Scheduling Order the same day, setting March 6, 2026, as the fact discovery cutoff and April 6, 2026, as the deadline for initial expert designations and disclosures. ECF No. 15 at 1–3.

On March 6, 2026, the parties filed a joint motion to modify the scheduling order, seeking a 90-day extension of all deadlines. ECF No. 18. There, the parties represented to the Court that they exchanged written discovery, but had not yet completed all of their depositions or the vehicle inspection. ECF No. 18 at 2–3 (explaining that they intended to depose both Plaintiffs and Defendant's Rule 30(b)(6) witness). Though the Court expressed its concerns regarding the parties' delay in filing the motion and the lack of details included to support their diligence, the Court partially granted the request. ECF No. 19 at 2–3. The Court retained March 6, 2026, as the fact discovery cutoff, but permitted the depositions of Plaintiffs and Defendant's Rule 30(b)(6) witness to be taken by April 20, 2026, and the vehicle inspection to be completed by May 18, 2026. *Id*. at 4. The Court extended the deadline for designations and disclosures of initial experts to June 8, 2026. *Id*.

On June 24, 2026, the parties filed a second joint motion to modify the scheduling order, seeking 70-day to 100-day extensions of all deadlines. ECF No. 27. There, the parties represented to the Court that in the three months since their first request for extension on March 6, 2026, they had not completed any further discovery, despite the Court setting firm deadlines for doing so. For example, Plaintiffs did not appear for their noticed depositions on April 30, 2026. ECF No. 27 at 3. Additionally, Plaintiffs' counsel never confirmed the April 30, 2026, date for the deposition of Defendants' Rule 30(b)(6) witness,

so it was rescheduled to May 20, 2026, but was not ultimately taken. *Id*. Further, the vehicle inspection scheduled for May 26, 2026, was never completed due to objections served by Plaintiffs' counsel days before the agreed-to date. *Id*. The parties referred to conclusory "staffing changes" as reasons for some, but not all, of the delays and failings. *Id*. Again, the Court expressed its concerns regarding the parties' lengthy delay in filing the motion, and the parties' repeated failures to demonstrate the requisite diligence. ECF No. 28 at 3–4. The Court, thus, denied the motion. *Id*. at 4. The Court, however, permitted the parties to file noticed motions to amend the scheduling order, and set a July 2, 2026, deadline for doing so. *Id*.

Defendant filed the instant Motion to Amend the Scheduling Order on July 2, 2026. ECF No. 29. The Court set a briefing schedule in the matter, requiring Plaintiffs' response by July 20, 2026, and permitting Defendant's reply by July 27, 2026. ECF No. 30. Plaintiffs did not respond to the motion. In light of a dispute before the district judge regarding a previous Rule 68 offer of judgment, the Court continued its August 3, 2026, motion hearing to September 18, 2026. ECF No. 36; *see* ECF No. 34. That issue has since been resolved. ECF No. 38. The Court held a hearing on September 18, 2026, and heard arguments from both sides. ECF No. 39. The Court also confirmed with Plaintiffs' counsel that Plaintiffs are in possession of the vehicle. *Id*. This order follows:

## II. LEGAL STANDARD

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 15 at 7 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992); *Ellis v. Arias*, 3:24-cv-00713-TWR-AHG, 2025 WL 3553673, at *1 (S.D. Cal. Dec. 11, 2025). "Good cause" is a non-rigorous standard that has been construed broadly across procedural

and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. ECF No. 15 at 7; *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

## III. DISCUSSION

Here, Defendant seeks to extend all scheduling order deadlines. ECF No. 29. Defendant represents to the Court that it has been diligently pursuing discovery and argues that an extension "will serve the interests of justice by ensuring both parties have a full and fair opportunity to develop their cases." ECF No. 29-1 at 10. As such, Defendant seeks extensions of its own deadlines, as well as Plaintiffs' deadlines.

The crux of Defendant's motion is that the delays and deficiencies referenced above were caused by Plaintiffs' counsel, and not Defendant, so Defendant would be entitled to an extension because it acted with the requisite diligence. For example, Defendant references staffing changes at Plaintiffs' counsel's law firm, Strategic Legal Practices APC, which "impacted their office's ability to respond to FCA's requests to confirm the depositions or vehicle inspections." *Id*. at 7. Defendant contends that Plaintiffs' failure to participate in the action was beyond its control and the details regarding the staffing changes and their impacts are only known by Plaintiffs' counsel, explaining that "FCA has no independent knowledge of the personnel changes, their timing, or their impact on Plaintiffs' counsel's ability to respond to discovery requests and attend scheduled depositions." *Id*. at 9. The Court agrees that Plaintiffs' failure to appear at their depositions, and other delays, "establishes circumstances beyond FCA's control that warrant modification of the scheduling order." *Id*. The Court, however, appreciates Defendant's

practical approach in requesting extensions of both parties' deadlines, obviating any prejudice to Plaintiffs and ensuring that the case will be decided on the merits. As such, the Court finds good cause to grant the motion.

The Court addressed Plaintiffs' counsel's lack of diligence during the hearing, including expressing concern regarding Plaintiffs' failure to appear for their depositions without adequate explanation. ECF No. 39. To avoid any further delays, if Defendant does not receive a response from Plaintiffs within **three (3) business days** regarding scheduling depositions or the vehicle inspection, Defendant must notify the Court **via email** (at efile_goddard@casd.uscourts.gov) and the Court will schedule a Discovery Conference.

## IV. CONCLUSION AND AMENDED SCHEDULING ORDER

For the reasons set forth above, the Court **GRANTS** Defendant's motion. ECF No. 29. The Court issues the following First Amended Scheduling Order:

1. **March 6, 2026** *remains* the deadline for completion of fact discovery, except for the following:

   a. The depositions of Plaintiffs and Defendant's Rule 30(b)(6) witness must be taken on or before **October 30, 2026**.

   b. The vehicle inspection must take place no later than **October 30, 2026**.

2. The parties shall designate their respective experts in writing by **December 4, 2026**. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **January 8, 2027**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **December 4, 2026**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert

testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) and 26(e) by **January 8, 2027**.

5. All expert discovery shall be completed by all parties by **February 5, 2027**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **March 5, 2027**. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts. Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed. The period of time between the date you request a motion date and the hearing date may vary. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

7. An **in-person** Mandatory Settlement Conference ("MSC") shall be conducted on **June 10, 2027** at **2:00 p.m.** before **Magistrate Judge Allison H. Goddard**.

/ /

/ /

/ /

a. The Court requires the personal, ***in-person*** attendance of all named parties, party representatives with full[2] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference

b. Plaintiffs must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **May 20, 2027**. The defendants must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **May 27, 2027**.

d. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **June 3, 2027**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at

---

[2] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **June 3, 2027**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **June 3, 2027**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then email all participants detailed instructions regarding the location of the Court's conference rooms.

g. All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.

8. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

9. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **July 2, 2027**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

10. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **July 9, 2027**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ.

P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11. Counsel for plaintiffs will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **July 16, 2027**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **July 23, 2027**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **July 30, 2027** at **1:30 p.m.** The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

14. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein **will not** be modified again unless **extraordinary circumstances** are presented.

17. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

/ /

18. Plaintiffs' counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: September 23, 2026

Allison H. Goddard

Honorable Allison H. Goddard
United States Magistrate Judge