UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

VINCENT RODRIGUEZ and CHRISTINA RODRIGUEZ,

Plaintiffs,

v.

FCA US, LLC AND FUTURE CHRYSLER DODGE JEEP RAM OF CONCORD,

Defendants.

Case No.: 25cv1445-GPC(AHG)

**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM AUGUST 25, 2026 ORDER**

**[Dkt. No. 52.]**

Before the Court is Plaintiffs' motion for relief from the Court's August 25, 2026 order pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(1), or alternatively, Rule 54(d). (Dkt. No. 52.) An opposition and reply were filed. (Dkt. Nos. 63, 66.) Based on the reasoning below, the Court GRANTS Plaintiffs' motion for relief from the Court's August 25, 2026 order.

**Background**

Plaintiffs Vincent Rodriguez and Christina Rodriguez ("Plaintiffs") commenced this action in the Superior Court of California, County of San Diego against Defendants FCA US, LLC ("Defendant FCA") and Future Chrysler Dodge Jeep Ram of Concord (collectively "Defendants") asserting federal and state law claims arising from alleged

defects in the 2022 Jeep Gladiator they purchased. (Dkt. No. 1, Not. Removal ¶¶ 1-2, 14.) Defendant FCA removed the action to this Court on June 5, 2025. (Dkt. No. 1.)

On August 19, 2025, Defendant FCA served Plaintiffs with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 ("Rule 68 Offer"). (Dkt. No. 31-1, Chae Decl. ¶ 3; *id.*, Ex. A.) However, ten days later, on August 29, 2025, a representative of defense counsel's firm sent an email purporting to withdraw the August 19, 2025 Rule 68 Offer. (Dkt. No. 31-1, Chae Decl. ¶ 5 & n.1; *id.*, Ex. C.) On September 2, 2025, within Rule 68's fourteen-day acceptance period, Plaintiffs served a written acceptance of the August 19, 2025 statutory offer with the exception of the attorneys' fee amount offered in the amount of $7,500. (Dkt. No. 31-1, Chae Decl. ¶ 4; *id.*, Exs. A-B.) Thirty minutes later, Plaintiffs accepted the fee offer of $7,500. (Dkt. No. 31-1, Chae Decl., Ex. C at 18.[1]) Then about 10 minutes later, defense counsel responded that the offer had been withdrawn and that Plaintiffs' acceptance was ineffective. (Dkt. No. 31-1, Chae Decl. ¶ 5; *id.*, Ex. D at 17.)

After the purported acceptance, the parties continued to litigate the action. On September 15, 2025, the parties participated in an Early Neutral Evaluation ("ENE") before Magistrate Judge Allison H. Goddard. (Dkt. No. 11.) After the ENE conference, a minute order was filed stating that the "case did not settle" and the court set a Case Management Conference. (Dkt. Nos. 11, 12.) The parties subsequently filed a Joint Discovery Plan, appeared at the Case Management Conference, and proceeded under a Scheduling Order. (Dkt. Nos. 13-15.) In March and June 2026, the parties filed two joint motions seeking to modify the Scheduling Order. (Dkt. Nos. 18, 27.) The Magistrate Judge granted in part and denied in part the first motion, and denied the second motion. (Dkt. Nos. 19, 28.) On June 23, 2026, Defendants also filed a motion for judgment on the pleadings. (Dkt. Nos.

---

[1] Page numbers are based on the CM/ECF pagination.

25.) On July 2, 2026, Defendants filed a motion to amend the scheduling order. (Dkt. No. 29.)

Then on July 9, 2026, Plaintiffs filed a Notice of Acceptance of Defendant FCA's Rule 68 Offer of Judgment and Request for Entry of Judgment ("Notice of Acceptance of Rule 68 Offer"). (Dkt. No. 31.) Defendant filed Objections to Plaintiffs' Notice of Acceptance of Rule 68 Offer on July 13, 2026. (Dkt. Nos. 32, 33.) The Court then set a briefing schedule directing Plaintiffs to file a reply; however, they did not file a reply. (Dkt. No. 34.) On August 25, 2026, the Court denied Plaintiffs' request for entry of judgment pursuant to Rule 68(a). (Dkt. No. 38.) The Court concluded that there was no dispute that Plaintiffs timely accepted Defendant's Rule 68 Offer but Plaintiffs had waived their right to seek to enforce the Rule 68 Offer by continuing to litigate the matter for about ten months before filing their Notice of Acceptance of Rule 68 Offer by attending the early neutral evaluation conference, filing a joint discovery plan, appearing at the case management conference and subsequently joining Defendants in seeking modifications to the Scheduling Order on two occasions. (Dkt. No. 38 at 4, 6.)

On October 7, 2026, Plaintiffs filed an ex parte motion for an evidentiary hearing on the alleged waiver of Rule 68 acceptance and for leave to supplement the record. (Dkt. No. 48.) Defendant FCA filed an opposition. (Dkt. No. 50.) On October 14, 2026, the Court denied Plaintiffs' ex parte application because Plaintiffs had failed to show good cause under Rule 6(b) for counsel's failure to timely seek reconsideration of the Court's order and failed to explain why Plaintiffs did not file a reply to their Notice of Acceptance of Defendant FCA's Rule 68 Offer of Judgment and Request for Entry of Judgment. (Dkt. No. 51.) However, the Court granted Plaintiffs leave to file a motion for reconsideration if they could demonstrate a basis for relief under Rule 6(b).

On October 20, 2026, Plaintiffs filed a motion for reconsideration of the Court's order filed on August 25, 2026 which is fully briefed. (Dkt. No. 52, 63, 66.)

/ / /

**A. Rule 6(b)(1) - Excusable Neglect**

Plaintiffs argue that the late filing of the instant motion for reconsideration is due to excusable neglect. (Dkt. No. 52 at 11.) Defendant disagrees arguing that Plaintiffs have not demonstrated excusable neglect. (Dkt. No. 63 at 12-17.)

Rule 6(b)(1)(B) provides that the "court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. Partnership*, 507 U.S. 380, 395 (1993), the United States Supreme Court set forth the standard for demonstrating excusable neglect, which includes the following four part test: (1) the danger of prejudice to the non moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith. *Id.* at 395. The Ninth Circuit recognized that in *Pioneer*, "the Court adopted a broader and more flexible test for excusable neglect." *Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) (*en banc*).

**1. Length of Delay and Potential Impact on Case**

Plaintiffs acknowledge that time has lapsed due to its conduct but asserts a review of the issues is limited to a discrete issue and does not reopen general merits discovery. (Dkt. No. 52 at 12.) Defendant responds that each late filing has compounded the delay in this case and the issue raised in this motion should have been resolved over a year ago in September 2025. (Dkt. No. 63 at 14.) Here, the impact from the delay in this case is not great because the parties have been simultaneously litigating the case as well as litigating the Rule 68 issue.

**2. Reasons for the Delay**

Plaintiffs explain that they failed to reply to Defendant's Objections to the Notice of Acceptance of Defendant FCA's Offer of Judgment and Request for Enry of Judgment because the firm was transitioning to a new case management system and two individuals who were responsible for calendaring were terminated and are no longer with the firm.

(Dkt. No. 52-1, Chae Decl. ¶¶ 5-7.) Next, Plaintiffs explain that they failed to timely file their reconsideration motion because counsel did not appreciate the Court's ruling on August 25, 2026 until their counsel was preparing the opposition to FCA's motion for judgment on the pleadings. *(Id.* ¶¶ 8-9.) Plaintiffs acknowledge that calendaring mistakes and not appreciating an adverse ruling do not constitute excusable neglect but these errors must be considered in light of the other factors. (Dkt. No. 52 at 12.) Defendant argues that there is no justification for the delay and Plaintiffs' counsel was aware on how to file a motion for reconsideration and comply with related deadlines, and the only possible explanation is that they intentionally decided not to comply with the Local Civil Rule deadlines regarding the timeline to file a motion for reconsideration. (Dkt. No. 63 at 15-16.) Here, Plaintiffs acknowledge the reasons for the delay do not support them on the *Pioneer* factors but this concession must be considered with the other factors. *See Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 382 n. 2 (9th Cir. 1997) (as to *Pioneer*'s equitable framework, "we will ordinarily examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors.").

**3. Good Faith**

Plaintiffs argue they acted in good faith to pursue the Notice of Acceptance of Rule 68 Offer despite the mistakes of failing to file a reply to the Notice of Acceptance of Rule 68 Offer asserting it was inadvertent and not intentional, and for failing to timely file the instant motion. (Dkt. No. 52 at 12; Dkt. No. 52-1, Chae Decl. ¶¶ 5-7.) Defendant argues that Plaintiffs' counsel's conduct of missing deadlines throughout the litigation as well as sanctions Plaintiffs' law firm has received in other cases reflect repeated missed deadlines which cuts against a finding of good faith. (Dkt. No. 64 at 16-17.) Plaintiffs' failure to comply with deadlines in this case does not arise from bad faith; rather, their conduct stems from their attorney's mistake or negligence. Further, sanctions in other cases do not explain counsel's mistake in this case.

**4. Prejudice**

Plaintiffs argue that FCA would not be prejudiced because it has already addressed the merits of the underlying issues and the instant motion merely addresses procedural omissions and does not raise new issues. (Dkt. No. 52 at 12.) FCA argues it would be prejudiced because it would need to expend additional resources to prepare a comprehensive response on the merits and prepare for an evidentiary hearing. (Dkt. No. 63 at 13.) No prejudice has been suffered by Defendant because the current briefing is sufficient for the Court to make a determination on the relief Plaintiffs' seek.

After the balancing of the *Pioneer* factors, the Court finds that Plaintiffs have established excusable neglect sufficient for the Court to consider their motion for relief from the Court's order.

**B. Motion for Reconsideration**

The court has "inherent jurisdiction to modify, alter or revoke [a prior non-final order]." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) ("The authority of district courts to reconsider their own orders before they become final, absent some applicable rule or statute to the contrary, allows them to correct not only simple mistakes, but also decisions based on shifting precedent, rather than waiting for the time-consuming, costly process of appeal."); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 885, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (emphasis removed) (citation omitted); *see* Fed. R. Civ. P. 54(b) (a non-final order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities."). For purposes of reconsideration under Rule 54, district courts look to the standard on motions for reconsideration under Rule 59 and Rule 60(b). *See Hansen v. Schubert*, 459 F. Supp. 2d 973, 998 n.5 (E.D. Cal. 2006) ("While the standards applicable to motions for reconsideration of final judgments or orders under Rules 59(e) (final judgments) and 60(b) (final judgments and orders) technically do not delimit the court's inherent discretion to reconsider interlocutory orders, the court nonetheless finds

them to be helpful guides to the exercise its discretion."); *Cincinnati Ins. Co. v. Harry Johnson Plumbing & Excavating Co., Inc*., Case No. 16cv5090-LRS, 2017 WL 5639944, at *1 (E.D. Wash. Oct. 23, 1997) ("As neither Rule 54(b) or this court's Local Rules provide a standard, typically, district courts will apply standards substantially similar to those used under Rule 59(e) and 60(b).").

Under Rule 59(e) and Rule 60(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc*., 5 F.3d 1255, 1262-63 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948).

Here, Plaintiffs move for reconsideration arguing that the Court erred in applying contract law of waiver when Rule 68 requires the Clerk must enter judgment when Plaintiffs filed their Notice of Acceptance of Rule 68 Offer on July 9, 2026. (Dkt. No. 52 at 8.) Further, they argue that the Court misapplied the waiver law because the record did not establish, by clear and convincing evidence, that Plaintiffs intentionally waived their right to enforce the September 2, 2025 acceptance of the Rule 68 offer.[2] (Dkt. No. 52 at 9-10.)

**C. Rule 68 Offer**

---

[2] Even though Plaintiffs move for reconsideration under Rule 60(b)(1), limited to final orders or judgment, they alternatively move for reconsideration under Rule 54(b). In addition, whether Plaintiffs move for relief under Rule 60 or Rule 54(b), the reconsideration standard the Court applies is the same.

Federal Rule of Civil Procedure 68 establishes a procedure by which "a party defending against a claim" may "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If the offer is accepted within fourteen days, either party may file "the offer and notice of acceptance, plus proof of service," and "[t]he clerk must then enter judgment." *Id.; see Kubiak v. Cnty. of Ravalli,* 32 F.4th 1182, 1187 (9th Cir. 2022) *(*"If the plaintiff accepts a Rule 68 offer, 'it is automatically entered by the clerk of court.'").

The Ninth Circuit has recognized that a Rule 68 offer "is more consequential than a run-of-the-mill settlement offer." *Kubiak*, 32 F.4th at 1187. "[A] Rule 68 offer has a binding effect when refused as well as when accepted." *Id.* (quoting *Radecki v. Amoco Oil Co.,* 858 F.2d 397, 402 (8th Cir. 1988)). Indeed, a Rule 68 offer, "once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected." *Id.* at 1188 (quoting *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997)). "Rule 68 allows no discretion on the part of the district court." *Id.* at 1187.

Once accepted, a Rule 68 offer of judgment "becomes a settlement agreement." *Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017) (quoting *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995)). Thus, Rule 68 offers are "analyzed in the same manner as any contract" and "any ambiguities are construed against the drafter[.]" *Id.* at 851 (quoting *Erdman v. Cochise Cnty.*, 926 F.2d 877, 880 (9th Cir. 1991)).

The Ninth Circuit has applied contract law to interpret the terms of a Rule 68 offer. *See Nusom*, 122 F.3d at 833; *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) (applying contract law to attorney's fee under Rule 68 offer); *Miller*, 868 F.3d at 850 (applying contract law to interpret Rule 68 settlement offer). However, this case does not involve the interpretation of the Rule 68 offer. Instead, the issue is whether a court can apply the contract law of waiver to the parties' conduct after a Rule 68 Offer is accepted but before the Notice of Acceptance of Rule 68 Offer is filed with the Court. The Ninth Circuit has not addressed the application of waiver in the context of an accepted Rule 68

offer but finds the reasoning behind the Ninth Circuit's rulings in *Kubiak* and *Arroyo v. Kazmo, LLC*, 846 Fed. App'x 461, 462 (9th Cir. 2021) persuasive and informative.

Even though contract law applies to interpret the terms of Rule 68 offers, the Ninth Circuit has recognized that because Rule 68 offers are distinct from ordinary contracts, contract law is not imported "wholesale into a Rule 68 analysis." *Kubiak*, 32 F.4th at 1191. Two distinctions noted in *Kubiak* are (1) "Rule 68 offers differ from contracts with respect to attorney fees; as to them, any waiver or limitation must be clear and unambiguous" and (2) once a Rule 68 offer is accepted, a "court may not stop to decide whether there is consideration." *Id.* at 1191. In *Kubiak,* the court held that a non-final judgment does not nullify an outstanding Rule 68 offer. *See Kubiak*, 32 F.4th at 1187. In *Arroyo*, an unpublished decision, the court held that a final judgment issued by the Court does not void an outstanding Rule 68 offer. *Arroyo*, 846 Fed. App'x at 462.

In *Kubiak*, a § 1983 plaintiff brought suit alleging his arrest violated the First, Fourth and Fourteenth Amendments to the U.S. Constitution. *Kubiak*, 32 F.4th at 1186. On April 20, 2021, the defendants filed a summary judgment motion. *Id.* at 1186. On June 3, 2021, without the district court knowing, the defendants presented the plaintiff with a Rule 68 offer that judgment would be entered against the defendants for $50,000 plus costs, including attorney's fees. *Id.* On June 9, 2021, the court entered an order granting the defendants' motion for summary judgment but stated that a reasoned decision would follow and judgment entered at that time. *Id.* Six minutes after the district court's ruling, the defendants emailed plaintiff's counsel withdrawing the offer of judgment. *Id.* Within an hour, the plaintiff filed a notice of acceptance of the offer of judgment with the court. *Id.* Defendants objected arguing that the offer was a nullity due to the summary judgment order. *Id.* The Ninth Circuit affirmed the district court's determination that it was bound by the offer of judgment although it had granted the defendants' motion for summary judgment because summary judgment was not a final appealable order. *Id.* at 1188. In *Kubiak*, the court looked at Rule 68's statutory construction which "allows no discretion on the part of the district court" and once a

plaintiff accepts a Rule 68 Offer, "it is automatically entered by the clerk of court." *Id.* at 1187. The court also explained that the defendants were "defending against a claim" when the offer of judgment was made. *Id.* at 1188.

A year before *Kubiak*, in an unpublished opinion, the Ninth Circuit held that an acceptance of a Rule 68 offer can trump a final judgment and does not nullify an outstanding Rule 68 offer. *Arroyo*, 846 Fed. App'x at 463. In *Arroyo*, one day before the pretrial conference, the district judge dismissed the action without prejudice on March 5, 2020 and entered judgment for the parties' failure to prosecute because the parties failed to file any pretrial documents. *Arroyo v. Kazmo, LLC,* Case No. CV 19-2720 PA (MRWx), 2020 WL 2501453, at *1 (C.D. Cal. Apr. 9, 2020). However, without the court's knowledge, the defendant submitted a Rule 68 offer of judgment on March 4, 2020. *Id.* On March 10, 2020, within the allowable period, the plaintiff accepted the defendant's Rule 68 offer of judgment. *Id.* Subsequent to the Court's dismissal, the plaintiff sought relief under Rule 59(e) seeking an amended judgment based on his acceptance on March 10, 2020 of the defendant's Rule 68 offer of judgment. *Id.* The defendant opposed the plaintiff's efforts to enter the Rule 68 offer of judgment. The district court, relying on an Eleventh Circuit case,[3] denied the plaintiff relief because the defendant was no longer defending against a claim after the court entered the dismissal. *Id.* at 2.

On appeal, the Ninth Circuit reversed holding that the district court abused its discretion when it refused to allow the clerk to enter the accepted Rule 68 offer. *Arroyo*, 846 Fed. App'x at 462. The Ninth Circuit looked to the plain meaning of Rule 68 requiring the clerk to enter judgment which is non-discretionary, and the purpose of Rule 68 to encourage settlement and avoid litigation. *Id.* at 462 & fn.1. The court explained that the district court's March 5, 2020 judgment did not bar the operation of Rule 68 and

---

[3] *Collar v. Abalux, Inc.*, 895 F.3d 1278, 1283-84 (11th Cir. 2018) (holding that rule 68 offers do not survive the entry of final judgment).

at the time of the Rule 68 offer, the defendant was still "defending against a claim." *Id.* at 463. The court concluded that the refusal to allow the plaintiff to file his acceptance of the Rule 68 offer was error because of Rule 68's mandatory operation. *Id.* at 463.

In this case, Defendant FCA served Plaintiffs with a Rule 68 Offer on August 19, 2025. Even though Defendant attempted to withdraw the offer, it was not effective because a Rule 68 Offer cannot be revoked or altered during the 14 day period. *See Kubiak*, 32 F.4th at 1188 ("According to the rule's text, then, an offer must remain open for fourteen days, and it may be either accepted or rejected. No other outcome (such as negotiation or revocation) is contemplated."). Plaintiffs accepted the Rule 68 Offer within the fourteen-day acceptance period on September 2, 2025. Once accepted, either party may file the offer and notice of acceptance along with the proof of service with the Clerk's office. *See* Fed. R. Civ. P. 68(a). Ten months later, on July 9, 2026, Plaintiffs filed a Notice of Acceptance of Rule 68 Offer. During the ten-month period, both parties continued litigating the case expending the parties and the court's resources. Shortly after Plaintiffs filed the Notice of Acceptance of Rule 68 Offer, Defendant filed an Objection.

In line with the Ninth Circuit's analysis, in *Kubiak* and *Arroyo,* the Court looks at the plain language of Rule 68. First, there is no time requirement to file the Notice of Acceptance of Rule 68 Offer after a plaintiff accepts a Rule 68 Offer. Typically, a Notice of Acceptance is filed shortly after the Acceptance of the Rule 68 Offer as it settles and terminates the litigation; however, in this case, the parties continued to litigate the case during the 10-month period. Second, Rule 68 provides no exceptions including one that voids a Rule 68 offer if the parties continue to litigate after acceptance for a period of 10 months. *See Kubiak*, 32 F.4th at 1188 (noting rule contains no exception for the entry of a non-final order granting summary judgment on all claims and the court declined to create one).

According to the plain meaning of Rule 68, once Plaintiffs accepted Defendant's Rule 68 Offer of Judgment and Notice was provided to the Clerk of Court, the Court has

no discretion but to enter judgment. An analysis on whether Plaintiffs waived their enforcement of the Rule 68 Offer by their litigation conduct for 10 months after acceptance of the Rule 68 Offer was not permissible. *See Kubiak*, 32 F.4th at 1187 (court may not consider if there was consideration for the Rule 68 offer because "Montana contract law does not overcome the mandatory operation of Rule 68[.]"); *Mallory v. Eyrich,* 922 F.2d 1273, 1279 (6th Cir. 1991) (the district court's function is "ministerial rather than discretionary").

Therefore, the Court concludes it clearly erred in its August 25, 2026 ruling that denied Plaintiffs' request for entry of judgment pursuant to Rule 68 and GRANTS Plaintiffs' motion for relief from the August 25, 2026 order and DIRECTS the Clerk of Court to enter judgment based on the Notice of Acceptance of Rule 68 Offer filed on July 9, 2026. Because the Clerk of Court will enter Judgment in this case, Defendant's motion for judgment on the pleadings and Plaintiffs' motion for sanctions will be automatically terminated.[4]

**Conclusion**

Based on the reasoning above, the Court GRANTS Plaintiffs' motion for relief from the August 25, 2026 order. The Court DIRECTS the Clerk of Court to enter judgment based on the Notice of Acceptance of FCA's Rule 68 Offer of Judgment and Request for Entry of Judgment filed on July 9, 2026.

In accordance with the terms of Defendant FCA US LLC's Offer of Judgment served on August 19, 2025, and accepted by Plaintiffs on September 2, 2025, and their follow up email dated September 2, 2025 accepting the fee offer, (Dkt. No. 31-1 at 18), the Court ORDERS as follows:

---

[4] As to Plaintiffs' motion for sanction against Defendant for unnecessarily expanding the litigation, the Court notes that both parties have engaged in unnecessary litigation conduct that has increased the parties' costs as well as judicial resources.

1. Defendant FCA US LLC shall pay Plaintiffs VINCENT RODRIGUEZ and CHRISTINA RODRIGUEZ the total sum of $243,833.40, constituting reimbursement of the amount paid or payable for the 2022 Jeep Gladiator (VIN 1C6JJTBM4NL159328), including incidental and consequential damages under the Song-Beverly Consumer Warranty Act, less any remaining loan balance on the Subject Vehicle;

2. Defendant FCA US LLC shall pay the remaining loan balance on the Subject Vehicle, if any, directly to the appropriate party or entity;

3. FCA shall pay Plaintiffs statutory costs and expenses under Civil Code section 1794(d), including attorneys' fees, in the amount of $7,500;

4. Plaintiffs shall comply with the vehicle surrender and document provisions set forth in Paragraphs 5 through 7 of the Offer.

The hearing set on November 20, 2026 shall be vacated.

IT IS SO ORDERED.

Dated: November 17, 2026

Hon. Gonzalo P. Curiel
United States District Judge